United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50415
Summary Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

MARTIN GONZALEZ-GARIBAY,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-2472
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

    Martin Gonzalez-Garibay (Gonzalez) appeals his 84-month
sentence for illegal reentry into the United States following
deportation, in violation of 8 U.S.C. § 1326.  He argues that his
sentence was unreasonable because the district court failed to
weigh properly the sentencing factors set forth in 18 U.S.C. §
3553(a) and imposed a term of imprisonment greater than necessary
to satisfy the sentencing goals set forth in § 3553(a).

    Gonzalez's sentence was within a properly calculated
advisory guideline range and is presumed reasonable.  See United

--------------------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). Giving "great deference" to such a sentence, and recognizing that the sentencing court considered all the factors for a fair sentence under § 3553(a), we conclude that Gonzalez has failed to rebut the presumption that his sentence was reasonable. See id.

Gonzalez argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the 84-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than as elements of the offense that must be found by a jury.

Gonzalez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005), cert. denied, 126 S. Ct. 298 (2005). Gonzalez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.